UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Case No.04-cv-10323-RWZ

JOHN EVANS,
    Petitioner

v.

PAUL VERDINI, et al,
    Respondents.

**PETITIONER'S MOTION FOR RESPONDENTS TO FILE ADDITIONAL SUPPLEMENTAL ANSWER AND FURNISH COPIES OF STATE COURT TRANSCRIPTS AND STATE COURT APPELLATE RECORD APPENDIX.**

Petitioner John Evans respectfully moves the court to order respondents to file an additional supplemental answer and furnish therewith copies of the following: complete state court trial transcripts, transcripts of state court grand jury minutes, and state court appellate record appendix submitted by the petitioner to the Supreme Judicial Court of Massachusetts. For reasons he states as follows:

1. Petitioner, John Evans (John), his brother Jimmy Evans (Jimmy), Ronald Tinsley (Tinsley), and Robert Brown III (Brown) were tried together for first-degree murder of Lyle Jackson [G. L. c. 265, § 1], and lesser charges connected with the same incident. John and Jimmy testified at trial, and were convicted on all charges lodged against them. Tinsley was convicted only for possession of cocaine at the time he was arrested, and Brown was acquitted of all charges. Neither Brown nor Tinsley testified at trial. John is now serving a life sentence.

2. Ground One of his Petition for Writ of Habeas Corpus (Pet. at 14-20) challenges the absolute exclusion of potentially exculpatory evidence from Eddie Hawkins (Hawkins), a witness called by

petitioner. The court should have the benefit of the transcript of Hawkins' voir dire at trial as it relates to the Commonwealth's evidence, petitioner's evidence, and the different way the trial judge treated the evidence related to the Commonwealth's witness, Marvette Neal [par. 3 below].

3. Ground Two (Pet. at 20-30] contests the admission over objection of evidence of and concerning prosecution witness Marvette Neal (Neal) in circumstances where it was clear that he would give the jury testimony of no evidentiary value, and where the Supreme Judicial Court acknowledged that calling him was a subterfuge for the Commonwealth's use of inappropriate impeachment. It would be helpful to the court to have, as it relates to the other evidence, transcripts of Neal's voir dire and testimony at trial, Neal's grand jury testimony which was used at trial, the testimony given at trial by Detective Dorch, a Boston police investigating detective, concerning an interview he had with Neal, and the trial testimony of the grand jury court reporter about Neal's grand jury testimony.

4. In Ground Three (Pet. 30-38], petitioner disputes the ruling preventing him, during the cross-examination of key prosecution witness Alton Clarke, from using the actual names of unrelated charges pending at the time of trial against Clarke in the same county. The actual names of the charges were: rape, kidnapping and assault and battery with dangerous weapon. It would aid the court to have transcripts of Clarke's testimony, side-bar bench conferences about his testimony, the prosecutor's closing remarks on Clarke's testimony—all as they relate to other evidence at trial.

5. Ground Four [Pet. 38-48] claims that petitioner was deprived of effective assistance of counsel when his counsel failed to seek severance so that petitioner could have obtained exculpatory and other helpful evidence from co-defendant Brown. It would be helpful for the court to have transcripts of all trial evidence, closing

arguments, and jury instruction to view in conjunction with affidavits and associated items pertaining to this issue, which were included in the record appendix submitted by the petitioner to the Supreme Judicial Court of Massachusetts. These include A. 23-29, 99-256, 269-336, 353-356, and 361-472.

6. In respondents' Answer relating to Pet. par. 11 (a)(3), pertaining to grounds raised in petitioner's state court motion for new trial, they state, "Admitted, except as to claim 8 ['Trial counsel's failure to investigate and develop forensic evidence amounted to ineffective assistance of counsel.'], which was not presented in the petitioner's motion for new trial." [Answer page 1]. If the court had the contents of A. 301-356, it would be evident that this claim was presented in petitioner's state court motion for new trial, and was acted-upon by the state trial court judge. See, also, petitioner's brief on appeal to the Supreme Judicial Court of Massachusetts, [respondent's Supplemental Answer item 2], at 72-75.

**Local Rule 7.1 Certification**

Emanuel Howard, undersigned counsel, hereby certifies that he has spoken by telephone on March 26, 2004 with Assistant Attorney General Susanne G. Reardon, counsel for respondents, to confer about the subject of this motion, and he further certifies that she stated to him that respondents take no position on this motion.

Respectfully submitted, John Evans,
by his attorney,

/s/ Emanuel Howard   3/26/2004
EMANUEL HOWARD; BBO# 241740
P. O. Box 66067
Newton, MA 02466-0002
TEL: (617) 965-3042;  FAX (617) 965-3042

## CERTIFICATE OF SERVICE

      I hereby certify that, on the date written below, I served a copy of the petitioner/appellant's motion upon the respondents/appellees by mailing it first class prepaid to their counsel as listed below.

Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Ma 02108

_[signature]_  3/26/04

Evans Mot. For Resp. Furnish Tr & App. Mar. 2004XP