UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10323-RWZ |
| ) | |
| PAUL VERDINI, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S OPPOSITION TO
PETITIONER'S MOTION FOR RECONSIDERATION
OF THE DENIAL OF HIS EX PARTE MOTION TO AUTHORIZE
NECESSARY FUNDS**

Now comes the respondent, through counsel, in the above-entitled habeas corpus action and hereby opposes the petitioner's motion to reconsider the denial of his ex parte motion to authorize necessary funds.   In this motion, the petitioner requested funds in order to take the depositions of the trial attorneys involved in the case and in order to retain the services of an attorney, experienced in trying first degree murder cases, to review the case and be prepared to testify as to the level of performance of trial counsel on all assistance of counsel issues raised in the petition.  As grounds for the denial of the motion to reconsider, the respondent states that the petitioner has failed to establish "good cause" for this Court to exercise its discretion to order discovery.  *See* Rule 6(a) of the Rules Governing § 2254 cases.  Furthermore, the petitioner is not entitled to an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).

**ARGUMENT**

I.  **THE PETITION WOULD BE SUBJECT TO DISMISSAL FOR FAILURE TO EXHAUST STATE REMEDIES SINCE ANY NEW FACTUAL ALLEGATIONS WOULD NOT HAVE BEEN PRESENTED TO THE STATE COURT AS REQUIRED BY 28 U.S.C. §2255(b)(1)(A)**

If the petitioner was permitted discovery, and alleged a new factual basis for his ineffective claim that was not before the state court, he would risk mixing his petition and subject it to dismissal. *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982). *See also Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994) ("[i]n order to present a federal claim to the state court in a manner sufficient to satisfy exhaustion concerns, a petitioner must inform the state court of both the *factual* and legal underpinnings of the claims") (emphasis supplied), *cert. denied*, 513 U. S. 1129 (1995); *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989) (habeas petitioner must present both *factual* and legal underpinnings of claim to state courts in order to find exhaustion) (emphasis supplied). To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal review." *Id.* at 717 (quoting *Gagne v. Fair,* 835 F.2d 6, 7 (1st Cir. 1987)). *Accord Dougan v. Ponte*, 727 F.2d 199, 200 (1st Cir. 1984). Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele,* 850 F.2d at 820. Exhaustion also requires that the petitioner "inform the state court of both the *factual* and legal underpinnings of the claim." *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994)(emphasis added). *Accord Rose,* 455 U.S. at 518-519; *Picard,* 404 U.S. at 276; *Martens,* 836 F.2d at 717; *Gagne v. Fair,* 835 F.2d 6, 7 (1st Cir. 1987). The exhaustion requirement "is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Domaingue v. Butterworth,* 641

F.2d 8, 12 (1st Cir. 1981).

Where a petitioner attempts to advance new factual allegations in support of his federal habeas claim, the petition will be deemed unexhausted. In *Domaingue,* for example, the First Circuit affirmed dismissal of a federal habeas petition because the petitioner had sought during federal habeas proceedings to introduce new factual allegations in support of his claim of ineffective assistance of counsel. Although the petitioner had raised an ineffective assistance claim in state court, the Court held that the petition was unexhausted because during the federal habeas proceedings the petitioner had "elaborated on the ineffective assistance of counsel claim" by adding factual allegations -- never raised in the state court -- of omissions by trial counsel. *Domaingue,* 641 F.2d at 11. The Court explained that "[t]he exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Id.* at 12. Even if the legal theory presented to the state court were "the substantial equivalent" of that presented in the federal habeas petition, the Court "would not find that state remedies had been exhausted" because the petitioner's claim of ineffective assistance during the federal proceedings "depend[ed] in large measure on *factual allegations outside the record* on direct appeal to the state courts." *Id.* at 13 (emphasis added). The First Circuit affirmed dismissal of the petition for failure to exhaust state court remedies. *Id.* at 12. It also denied the petitioner's request for an evidentiary hearing on the ineffective assistance of counsel claim, noting that: "when a habeas corpus petitioner has not exhausted available state court remedies by presenting his claim, with its essential factual underpinnings, to the state courts, he cannot command an evidentiary hearing in the federal courts." *Id.* at 13.

The First Circuit and the U.S. District Court for the District of Massachusetts have routinely

dismissed federal habeas petitions for failure to exhaust where the petitioner introduced new factual allegations that were never presented to the state court. *See Gagne v. Fair,* 835 F.2d 6, 8-9 (1st Cir. 1987) (affirming dismissal of petition and holding that petitioner failed to exhaust state court remedies where petitioner's habeas petition sought to advance new factual allegations in support of his unfair trial claim); *Jones v. Maloney,* 644 F. Supp. 146, 149 (D. Mass. 1986) (dismissing petition as unexhausted due, *inter alia,* to "factual distinctions" between petitioner's insufficiency of evidence claim as presented to state court and as presented in federal habeas petition); and *Rivera v. DiPaolo,* 989 F. Supp. 356, 358 (D. Mass. 1997) (dismissing petition as unexhausted where "factual underpinnings" of petitioner's equal protection claim in federal habeas petition "differ[ed] significantly" from those presented to the state court). In this case, the petitioner, just like the petitioner in *Domaingue,* seeks to elaborate on the ineffective assistance of counsel claim by adding new factual allegations during the federal habeas proceeding." *Domaingue,* 641 F.2d at 11. His discovery motions which aim at presenting facts that were not before the state court should be denied.

      **II.**      **THE PETITIONER IS NOT ENTITLED TO OBTAIN DISCOVERY WHERE HE HAS FAILED TO SATISFY THE REQUIREMENT OF DEMONSTRATING "GOOD CAUSE" FOR DISCOVERY.**

In the habeas corpus forum, unlike the ordinary civil arena, a petitioner is not entitled to discovery as a matter of course. *See Bracy v. Gramley*, 520 U. S. 899, 904 (1997); *Harris v. Nelson,* 394 U. S. 286, 295 (1969). Rather, a petitioner is subject to the strict requirements set forth in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See also Gilday v. Callahan*, 99 F.R.D. 308, 308-09 (D. Mass. 1983) (Alexander, M.J.) (liberal standard for discovery in Rule 26 "severely curtailed" in habeas cases).

To establish "good cause" a petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle the petitioner to relief. *Harris*, 394 U.S. at 300. Good cause does not exist where the petitioner through his discovery requests seeks to relitigate factual issues that have already been conclusively resolved by the state courts. *Gilday*, 99 F.R.D. at 309 (refusing to permit deposition of co-defendant who allegedly perjured himself in exchange for lenient sentence "[b]ecause the fact the petitioner seeks to dispute have already been resolved by the state court"); 28 U.S.C. § 2254(e)(1)(presumption of correctness). Nor does good cause exist where the grounds relied upon in support of the petitioner's discovery request are wholly speculative and conclusory. *See Bracy*, 520 U.S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy v. Johnson*, 205 F. 3d 809, 813-815 (5th Cir.) (denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation), *cert. denied*, 531 U.S. 957 (2000).

Good cause within the meaning of Habeas Rule 6(a) does not exist where, as here, the state court has already found facts contrary to the discovery the petitioner seeks and the petitioner has not contradicted those findings with any specific allegations. *See Harris*, 394 U.S. at 300 (to establish "good cause" under Habeas Rule 6(a) the petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle petitioner to relief).

Discovery is not warranted for this petitioner who merely seeks to contradict, without any record support whatsoever, the presumptively correct factual findings of the state courts. *See Bracy*, 520 U. S. at 908-909 (finding "good cause" permitting discovery but emphasizing that the petitioner

5

made detailed, specific allegations supported by extensive record evidence). The petitioner provides no support for his request for discovery. The petitioner was obligated, and had ample opportunity, to develop a factual basis for his claims in his state court proceedings, and his failure to do so does not render this Court an appropriate forum for taking discovery. Habeas petitioners seeking discovery must make specific averments, citing record evidence and establishing a *prima facie* case of a constitutional violation requiring habeas relief. *See Bracy*, 520 U. S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy*, 205 F. 3d at 813-815(denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation). This the petitioner has not done; instead, he has merely reasserted his claims and now seeks to develop his claims from scratch. Rule 6 prohibits him from doing so. Rule 6 does not permit the petitioner to conduct a "fishing expedition." *See Murphy v. Johnson*, 205 F. 3d at 814 ("Simply put, Rule 6 does not authorize fishing expeditions."). If conclusory allegations in search of supporting facts constituted "good cause" under Rule 6, the full panoply of discovery procedures set forth in the Civil Rules would be available to any habeas petitioner, a result inimical to the plain language of Rule 6 and its historical antecedents. The *ex parte* motion for the disbursement of funds to authorize counsel to obtain necessary services was correctly denied.

## CONCLUSION

For the foregoing reasons, the court should deny the petitioner's motion for reconsideration of the denial of his ex parte motion to authorize counsel to obtain necessary services.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2832
BBO No. 561669

Dated: December 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner's counsel, at the address below on December 3, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Emanuel Howard
P.O. Box 66067
Newton, MA 02466-0002

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
