UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10323-RWZ

**JOHN EVANS,**
    Petitioner

v.

**PAUL VERDINI**
    Respondent.

## PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO HIS MOTION FOR RECONSIDERATION OF DENIAL OF HIS EX PARTE MOTION TO AUTHORIZE COUNSEL TO OBTAIN NECESSARY SERVICES

Petitioner, John Evans, respectfully states that respondent's opposition to his motion for reconsideration of the court's order denying his EX PARTE MOTION TO AUTHORIZE COUNSEL TO OBTAIN NECESSARY SERVICES misapprehends the law and the circumstances of this case.

1. Respondent's first argument suggests that allowance of the motion to obtain necessary services might possibly cause petitioner to allege "a new factual basis for his ineffective assistance of counsel claim that was not before the state court," and so would run afoul of the 28 U.S.C. § 2254 "exhaustion" requirement. As petitioner's original motion shows, no "new factual basis" could possibly be anticipated.

    (a) Petitioner asked for funds for costs involved with the service of deposition subpoenas on Robert Brown III, Attorney Robert

Sheketoff, and Attorney Albert L. Hutton Jr., petitioner's trial counsel, the taking of their respective depositions, and court reporter charges for deposition and preparation of deposition transcripts. The factual basis concerning the issues and expected relevant and material evidence from these proposed deponents have already been presented to the state courts in motions, in offers of proof contained in affidavits supporting those motions, and in appellate briefs. See EX PARTE MOTION TO AUTHORIZE COUNSEL TO OBTAIN NECESSARY SERVICES, pars. 3-6.

(b) As to funds for the expert attorney, the funds as requested in paragraph 7 of the motion are "for an attorney, experienced in trying first degree murder cases to review the case and be prepared to testify as to the level of performance of trial counsel on all assistance of counsel issues raised in his petition." His/her anticipated testimony can only come in as an "expert opinion" based on the existing factual basis.

2.  Respondent's second argument on "good cause" misapprehends the record and the law.

(a) Petitioner has come forward with specific "factual allegations", and diligently had tried to obtain "first-person" testimony in an evidentiary hearing in state court.

(b) Respondent does not point to one factual finding or factual determination within the meaning of 28 U.S.C. § 2254(e)(1) that the state courts have made on the particular ineffective assistance of counsel claim here raised. The states courts, in fact, have made no such factual determinations, so that none of their pronouncements require a "presumption of correctness." See case law and discussion in PETITIONER'S MEMORANDUM IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS section I at 8-9, section II at 14, and section III, Ground Four, at 40-52.

3. Based upon the foregoing, the court should authorize the requested funds so that petitioner may prove his claims at an appropriate evidentiary hearing.

4. The petitioner's position in litigating these claims is that he is entitled to the requested funds in order to establish that, under *Strickland v. Washington*, 466 U.S. 668 (1984), had his trial attorney performed "within the range of competence demanded of attorneys in criminal cases[]" *United States v. Cronic, supra.*, 466 U.S. 655, the result of the trial would have been different.

### CONCLUSION.

Based upon the foregoing, the court has explicit legal authority to allow the motion for funds, and should do so for the following:

(a) Allow petitioner funds not to exceed $2100.00 (estimated at $700.00 for each deponent) for costs involved with the service of

3

deposition subpoenas on Robert Brown III, Attorney Robert Sheketoff, and Attorney Albert L. Hutton Jr., John's trial counsel, the taking of their respective depositions, and court reporter charges for deposition and preparation of deposition transcripts. In the alternative, the court should allow petitioner funds and the authority to subpoena the three individuals to appear at an evidentiary hearing on petitioner's claims.

(b) Allow petitioner funds not to exceed $3,000.00 for an attorney, experienced in trying first degree murder cases to review the case and be prepared to testify at an evidentiary hearing as to the level of performance of trial counsel on all assistance of counsel issues raised in his petition.


Respectfully submitted,
John Evans, by his attorney

_/s/ [signature] 12/11/2004_
EMANUEL HOWARD; BBO# 241740
P. O. Box 66067
Newton, MA 02466-0002
Tel. (617) 965-3042;  FAX (617) 965-3793


Evans Reply to Resp. Opp. To Mot. Reconsider Denial of Ex Parte Funds Dec. 2004

## CERTIFICATE OF SERVICE

I hereby certify that, on the date written below, I served a copy of the within document on respondent by sending it via first class mail, postage prepaid, to his counsel of record:

Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
Commonwealth of Massachusetts
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

_[signature]_ 12/11/2004

5