UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10323-RWZ

JOHN EVANS

v.

PAUL VERDINI

MEMORANDUM OF DECISION

July 13, 2005

ZOBEL, D.J.

On November 8, 1996, a jury convicted petitioner John Evans and his brother Jimmy in state court on a number of criminal counts, including murder in the first degree on theories of extreme atrocity or cruelty and of deliberate premeditation. He was sentenced to imprisonment for life. Co-defendants Robert Brown and Ronald Tinsley were acquitted. Petitioner moved for a new trial. After a non-evidentiary hearing, the motion was denied and petitioner appealed. His direct appeal to the Supreme Judicial Court ("SJC") was consolidated with his appeal from the denial of his motion for new trial. On April 16, 2003, the SJC affirmed his convictions and the denial of his motion for new trial. Commonwealth v. Evans, 786 N.E.2d 375 (Mass. 2003).

On February 17, 2004, petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. He asserts four grounds: 1) excluding witness Eddie Hawkins' testimony violated his Sixth Amendment right to present a defense, 2) allowing witness Marvette Neal to testify violated his Sixth and Fourteenth Amendment rights,

3) forbidding him from stating the exact nature of pending charges against a witness violated his Sixth Amendment right to show witness bias, and 4) ineffective assistance of counsel because his counsel did not seek severance from co-defendant Brown.  The matter is before me for decision on the merits.

Ground two is unexhausted and I will, therefore, address it first.  Under 28 U.S.C. § 2254(b)(1)(A), a petitioner must first exhaust his state court remedies as to every issue he wishes to bring before this Court.  The doctrine of exhaustion requires petitioner to present the claim to the state court in a way "as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question[.]" Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994).  There are five ways petitioner may exhaust: "1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; 3) reliance on federal constitutional precedents;[] 4) claiming a particular right specifically guaranteed by the Constitution" and 5) asserting a state law claim that is functionally equivalent to a federal claim.  Id.

With respect to ground two, petitioner claims that his Sixth and Fourteenth Amendment rights were violated when the trial judge allowed witness Marvette Neal to testify even though his statements on voir dire clearly established that he had no testimony of evidentiary value.  In his brief to the SJC, he argued that Neal was erroneously permitted to testify so that he could later be impeached by hearsay evidence.  Supp. Answer, Exh. 2 at 30-36.  In so arguing, petitioner cited only state cases and one Ninth Circuit case.  He did nothing to alert the SJC that his claim was

federal in nature. In fact, the SJC addressed petitioner's claim in the context of state law only. Because that court never considered the issue under federal law, the petition is subject to dismissal in its entirety on that basis alone. See Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982) (The intermingling of exhausted and unexhausted claims requires the dismissal of the habeas petition.). Nonetheless, given the parties' extensive briefing, the Court will address the remaining grounds on the merits.

Title 28 U.S.C. § 2254(d) also provides that an application for a writ of habeas corpus will not be granted unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In ground one, petitioner asserts that the trial judge so limited his questioning of potential witness Edward Hawkins that he was denied his Sixth Amendment right to present a defense. Before trial, Hawkins had told the police that Tinsley had admitted to shooting the victim, but Hawkins later repudiated that statement during voir dire and acknowledged that he had fabricated it in hopes of obtaining favorable treatment in his own pending case. In view of Hawkins' repudiation, the trial judge limited petitioner's questioning to whether Hawkins ever had a conversation with Tinsley regarding the allegations at issue in the trial. To the extent that petitioner's claim rises to a Constitutional level, the SJC's reasoned affirmation of that ruling fully comports with United States Supreme Court precedent. Chambers v. Mississippi, 410 U.S. 284, 302

(1973) (In exercising his right to present witnesses in his own defense, defendant must comply with established rules of procedure and evidence).  First, the pretrial statement to the police was hearsay.  Evans, 786 N.E.2d at 385.  Second, petitioner did not show that the pretrial statement was inconsistent with any relevant testimony that Hawkins would have given thereby allowing the pretrial statement to be used for impeachment.  Id.  In fact, given Hawkins' voir dire testimony, the trial judge could have concluded that Hawkins would not offer any relevant testimony if called.  Id.  Finally, the SJC ruled that petitioner had the burden to show that the pretrial statement, although hearsay, was so reliable that its exclusion might violate his right to present a defense.  He did not satisfy that burden.  Id.  To the extent that petitioner sought to have Hawkins verify certain of his pretrial statements, that information was not foreclosed by the questions the trial judge permitted.  Yet petitioner still chose not to question Hawkins.  The bald assertion that the SJC's decision "is contrary to, and involved an unreasonable application of relevant Supreme Court precedent" without further explanation falls short.  Pet.'s Mem. at 20.

In ground three, petitioner claims that his Sixth Amendment right to show witness bias was violated when the trial judge prohibited him from eliciting during cross examination the precise charges pending against prosecution witness Alton Clarke.  Instead, the parties referred to "serious felony" charges pending against Clarke.  The Confrontation Clause guarantees a defendant the opportunity for effective cross-examination.  Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).  "[E]xposure of a witness' motivation in testifying is a proper and important function of the constitutionally

protected right of cross-examination." Id. at 678-9 (quotation marks and citation omitted). However, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id.

Here, the SJC found that petitioner's ability to adequately test Clarke's bias based on his cooperation with the prosecution was unfettered by the inability to refer to the specifics of the charges pending against the witness. The SJC further noted that Clarke testified that he was promised nothing. Petitioner's insistence that he should have been allowed to name the actual pending charges because that was "the only fair way to explore" Clarke's bias does not rise to Constitutional dimensions. Pet.'s Mem. at 33. It is sufficient that Clarke's potential motivation in testifying was exposed; the jury knew that Clarke had serious charges pending against him. The Confrontation Clause does not guarantee "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Van Arsdall, 475 U.S. at 679, quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985). The SJC got it right.

In ground four, petitioner contends that he was deprived of effective assistance of counsel because his attorney failed to seek a severance from co-defendant Brown, so that Brown could have been tried first, acquitted, and then testified favorably for petitioner. The SJC reviewed his ineffective assistance of counsel claim for any error likely to have influenced the verdict under Mass. Gen. Laws ch. 278, § 33E. That is a more favorable standard to petitioner than the one expounded by Strickland v.

5

Washington, 466 U.S. 668 (1984).  See Commonwealth v. Wright, 584 N.E.2d 621 (1992).  Petitioner maintains that counsel knew about Brown's favorable testimony.  However, as the SJC observed, "[t]here is nothing in the record to show that counsel knew or could have known before trial that Brown would have been tried first, [and] that Brown would have been acquitted," so that he could testify for petitioner.  Evans, 786 N.E.2d at 388.  Furthermore, the SJC noted that petitioner's counsel could not have shown a bona fide need for Brown's testimony because there were other witnesses to testify that petitioner was not inside the restaurant, where the victim was murdered.  Finally, the SJC held that he did not show that counsel had grounds to move for severance, and that the trial judge would have acted within his discretion had he denied counsel's motion to sever.  Therefore, the SJC concluded that counsel did not err in a way that was likely to influence the jury's decision.  Finally, petitioner argues that counsel's strategy to blame co-defendant Tinsley but not to seek severance was "manifestly unreasonable."  Pet.'s Mem. at 45.  However, he admits that antagonism with Tinsley's counsel at trial alone did not warrant a request for severance.  Under these circumstances, counsel's failure to seek a severance was not unreasonable.  Therefore, ground four is denied.

    Petitioner's request for discovery and an evidentiary hearing to more fully develop this claim is denied.

    Accordingly, the petition is denied.  Judgment may be entered for defendant.

                                                      /s/ Rya W. Zobel

DATE                                    RYA W. ZOBEL
                                        UNITED STATES DISTRICT JUDGE